**FEDEX GROUND PACKAGE SYSTEM, INC.,**
Petitioner

v.

**COMMONWEALTH of Pennsylvania,**
Respondent.

Commonwealth Court of Pennsylvania.

Argued Feb. 27, 2006.
Decided April 17, 2006.

David J. Gutowski and Lee A. Zoeller, Philadelphia, for petitioner.

Michael A. Roman, Sr. Deputy Attorney General, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, SMITH–RIBNER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge McGINLEY.

Taxpayer, FedEx Ground Packaging System, Inc. (Petitioner) petitions for review of the Board of Finance and Reve-

nue's (Board) denial of its petitions for refunds of corporate net income and franchise taxes for the tax year ended May 31, 1999. Specifically, the issue involves the revenue miles apportionment fraction used to apportion Petitioner's taxable income and value in Pennsylvania.

The relevant facts as stipulated are as follows: Petitioner is a Delaware Corporation headquartered in Moon Township, Pennsylvania. Petitioner is engaged in the business of transporting packages throughout the United States by truck. Petitioner does not charge its customers based on the number of miles that it transports a package. Rather, it uses a weight and zone-based pricing system. Therefore, the average receipts that Petitioner receives per mile for transporting packages varies by state.

Petitioner's average receipts per mile for transporting packages *everywhere* (in all states combined) was $3.93 per mile during 1999. The total number of miles Petitioner transported packages *everywhere* (in all states combined) was 470,035,455 during 1999.

Petitioner's average receipts per mile for transporting packages *in Pennsylvania* was $2.94 per mile during 1999. The total number of miles that Petitioner transported packages *in Pennsylvania* was 28,119,379 in 1999.

In its tax assessment for 1999, the Department computed the "denominator" of Petitioner's revenue miles apportionment fraction by multiplying Petitioner's average receipts everywhere ($3.93 per mile) by the total number of miles that it transported packages everywhere (470,035,455 miles). The parties agree that the denominator was computed correctly.

Petitioner, however, asserts that the Department erred when it calculated the

"numerator" of the revenue miles apportionment fraction.

### The "Revenue Miles Apportionment Fraction"

When the entire business of a corporation is not transacted within Pennsylvania an apportionment factor must be employed to determine the proportion of the taxpayer's income and value subject to corporate net income and franchise taxes. Section 401(3)2.(b)(1) of the Tax Reform Code of 1971,[1] which applies to truck companies such as Petitioner, requires that a special "revenue miles apportionment fraction" be applied to determine the proportion of its income and value subject to Pennsylvania tax. Section 401(3)2.(b)(1) of the Tax Reform Code provides in pertinent part:

**(b) Railroad, Truck, Bus or Airline Companies.**

(1) All business income of railroad, truck bus or airline companies shall be apportioned to this Commonwealth by multiplying the income by a fraction, *the numerator of which is the taxpayer's total revenue miles within this Commonwealth during the tax period* and the denominator of which is the total revenue miles of the taxpayer everywhere during the tax period. *For purposes of this paragraph revenue mile shall mean the average receipts derived from the transportation by the taxpayer of persons or property one mile* . . . . (Emphasis added).

72 P.S. § 7401(3)2.(b)(1).

The Department, in accordance with its "well settled practice", computed the revenue miles apportionment fraction by multiplying Petitioner's average receipts per mile *everywhere* ($3.93) by the total num-

---

1. Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§ 7101–10004.

ber of miles that Petitioner transported packages *in Pennsylvania* (28,119,379) which results in a numerator of 110,450,-007. Using this calculation, Petitioner's corporate income tax would be $1,067,103. The Department contends that the statutory method it uses assures that only Pennsylvania revenue is taxed because it includes only Pennsylvania miles in the numerator.

Petitioner, on the other hand, contends that the numerator of its revenue miles apportionment fraction should be calculated by multiplying its average receipts per mile *in Pennsylvania* ($2.94) by the total number of miles that it transported packages *in Pennsylvania* (28,119,379) which results in a numerator of 82,670,974. Using this calculation, Petitioner's corporate income tax would be $446,758.

Petitioner contends that the statute provides that the numerator is the taxpayer's "total revenue miles within this Commonwealth" and defines "revenue miles" as the average receipts per mile for transporting property. "Revenue miles within this Commonwealth" means the average receipts for transporting property within the Commonwealth or, more simply, average receipts per mile *in Pennsylvania*.

Petitioner asserts that the legislative intent to tax only activities in Pennsylvania is furthered by its interpretation. It offers the following convincing hypothetical:

Suppose two companies drive the same routes and the same number of miles (100 miles in Pennsylvania and 1000 everywhere), and their everywhere receipts are the same ($1 per mile). But suppose that **Company A** earns $2 per mile in Pennsylvania while **Company B** earns 50 cents per mile in Pennsylvania. One would expect, everything else being equal, **Company A** to pay more Pennsylvania tax than **Company B** since it derives more revenue from Pennsylvania than **Company B**. Under Petitioner's method, this is exactly what happens:

| Petitioner's Fraction: | Company A | | Company B | |
|---|---|---|---|---|
| Avg. receipts per Pa miles × Pa miles driven | $2 × 100 miles = $200 | or 20% | $.50 × 100 miles = $50 | or 5% |
| Avg. receipts everywhere × miles driven everywhere | $1 × 1000 miles = $1000 | | $1 × 1000 miles = $1000 | |

By contrast, under the Department's approach, **Company A** and **Company B** have the same apportionment fraction and pay the same amount of Pennsylvania tax, even though **Company A** derives more revenue from Pennsylvania. This is because the Department, contrary to the fraction required by the statute, does not use average receipts per mile "in Pennsylvania" in the numerator. Rather, it uses average receipts per mile *everywhere* to compute the numerator. This produces an unreasonable result because **Company A** and **Company B**, despite the difference in the amount of revenue derived in Pennsylvania, pay the same amount of Pennsylvania tax:

| Department's Fraction: | Company A | | Company B | |
|---|---|---|---|---|
| Avg. receipts everywhere × Pa miles driven | $1 × 100 miles = $100 | or 10% | $1 × 100 miles = $100 | or 10% |
| Avg. receipts everywhere × miles driven everywhere | $1 × 1000 miles = $1000 | | $1 × 1000 miles = $1000 | |

■ Petitioner contends that Pennsylvania apportionment statutes must be strictly construed against the government. If the statute is found to be imprecise, it must be construed in favor of the taxpayer. *Commonwealth v. Gilmour Manufacturing Co.*, 573 Pa. 143, 822 A.2d 676 (2003). This Court agrees.

■ Under a plain reading of the statute, the numerator of the revenue miles apportionment fraction is the taxpayer's average receipts per mile for transporting property in Pennsylvania times miles driven in Pennsylvania. This conforms to the fundamental principle of apportionment that the numerator of an apportionment fraction reflects only *in-state* activity and the denominator reflects *everywhere* activity. Pennsylvania courts have consistently recognized this principle. In *Gilmour*, our Supreme Court construed the numerator of Pennsylvania's sales factor, which is one of the factors used in the general three-factor apportionment formula. The Supreme Court stated that "in Pennsylvania, the numerator of the sales factor represents the contribution of Pennsylvania consumers and purchasers to the entity's sales, while the denominator represents the contribution of all consumers and purchasers." *Gilmour*, 573 Pa. at 154, 822 A.2d at 682.

In *C.I. Whitten v. Com., Dept. of Revenue*, 34 Pa.Cmwlth. 37, 382 A.2d 1251 (1978), this Court considered whether the taxpayer's "in-state" activities were sufficient to subject it to taxation in Pennsylvania. In concluding that the taxpayer had done business in Pennsylvania, this Court found that since the revenue miles apportionment fraction "employs only Pennsylvania revenue miles in the numerator" (not everywhere miles), only in-state activities were being taxed. *C.I. Whitten*, 382 A.2d at 1254.

Similarly, in this case, the numerator must reflect only Pennsylvania activity to ensure that the Commonwealth is not taxing more than its fair share of Petitioner's income. The Department maintains that only Pennsylvania activity is being taxed since it includes only Pennsylvania "miles" in the numerator. This argument misses the mark. According to the statute's clear mandate, the numerator must equal the taxpayer's total *"revenue miles within this Commonwealth."* The phrase "within this Commonwealth" modifies "revenue miles", the immediately preceding words in the statute. A "revenue mile" is defined as the *average receipts derived from the transportation* by the taxpayer one mile. If a "revenue mile" is defined as *average receipts,* then "total revenue miles within this Commonwealth", means that *the average receipts derived from the transportation in Pennsylvania* must be multiplied by the total number of miles in Pennsylvania.

Petitioner uses a weight and zone-based pricing system, and the parties have stipulated that the average receipts that Petitioner receives per mile for transporting packages varies by state. By merely multiplying Petitioner's average receipts *everywhere* by the number of miles driven in Pennsylvania, the Department has assigned to the numerator an amount equal to the average amount of revenue generated in Pennsylvania based on the number of miles Petitioner drove in Pennsylvania. Although that calculation does produce an apportionment, that value incorrectly assumes that the average receipts that Petitioner receives per mile for transporting packages is the same for every state, and it does not accurately reflect the **total revenue miles within this Commonwealth** which the General Assembly directed to be used in the numerator of the

overall apportionment fraction. Only by multiplying Pennsylvania miles by Petitioner's average receipts in Pennsylvania in the numerator ensures that only Pennsylvania revenue is being taxed.

Because this Court finds that the Department erred in its calculation of Petitioner's revenue miles apportionment fraction numerator, the Board's orders are reversed and these matters are remanded to the Board to remand to the Department to recalculate Petitioner's corporate net income taxes and franchise taxes for 1999 and issue the Petitioner's requested refunds in accordance with this opinion.

### *ORDER*

AND NOW, this 17th day of April, 2006, the Orders of the Board of Finance and Revenue in the above captioned cases are reversed and these cases are remanded to the Board to remand to the Department to recalculate Petitioner's corporate net income taxes and franchise taxes for 1999 and issue the Petitioner's requested refunds in accordance with this opinion.

Judgment is entered in favor of Petitioner and shall be final in 30 days unless exceptions are filed. Any party may file exceptions hereto within THIRTY (30) DAYS of the filing of this Order pursuant to Pa. R.A.P. 1571. Any issue not raised by exception shall be waived.