# FEDEX GROUND PACKAGE SYSTEM, INC., Petitioner

v.

# COMMONWEALTH of Pennsylvania, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 13, 2006.

Decided April 27, 2007.

David J. Gutowski, Philadelphia, for petitioner.

Michael A. Roman, Sr. Deputy Attorney General and Carol L. Weitzel, Chief Deputy Attorney General, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, McGINLEY, Judge, PELLEGRINI, Judge, LEADBETTER, Judge, COHN JUBELIRER, Judge, SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge McGINLEY.

The Commonwealth of Pennsylvania Department of Revenue (Department) has filed exceptions to this Court's order filed April 17, 2006, which reversed the order of the Board of Finance and Revenue denying FedEx Ground Package System, Inc.'s (Taxpayer) petitions for refund of its corporate net income and franchise taxes for the year ended 1999.

The only issue is how to compute the *numerator* of the apportionment fraction used to determine the proportion of Taxpayer's income and value subject to Pennsylvania corporate taxes.

Section 401 of the revenue miles apportionment statute, 72 P.S. § 7401(3)2(b)(1)[1], requires that a truck company, such as Fed Ex, that transacts business both inside and outside Pennsylvania, determine the proportion of its income and value subject to corporate taxes by computation of a special, single-factor apportionment fraction.

The Department contends that the apportionment fraction *numerator* should be computed by multiplying *everywhere receipts per mile* ($3.93) by the total number of miles that it transported property *in Pennsylvania* (28,119,379). This Court agreed with Taxpayer that the apportionment fraction numerator must be computed by multiplying Taxpayer's average receipts per mile for transporting property *in Pennsylvania* ($2.94) by the total number of miles that the property is transported *in Pennsylvania* (28,119,379).

Both parties agree that Taxpayer's apportionment *denominator* must be computed by multiplying Taxpayer's average receipts per mile everywhere ($3.93) by the total number of miles that Taxpayer transported property everywhere (470,-035,455).

Section 401 of the revenue miles apportionment statute provides:

1) All business income of railroad, truck, bus or airline companies shall be apportioned to this Commonwealth by multiplying the income by a fraction, *the numerator of which is the taxpayer's total revenue miles within this Commonwealth during the tax period* and the denominator of which is the total

---

1. Act of March 4, 1971, P.L. 6, No. 2, art. IV.   *as amended.*

revenue miles of the taxpayer everywhere during the tax period. For purposes of this paragraph *revenue mile shall mean the average receipts derived from the transportation by the taxpayer of persons or property one mile* ....
72 P.S. § 7401(3)2(b)(1) (Emphasis added).

The Department asserts that this Court "rewrote" the revenue apportionment miles fraction in a manner which altered its clear and plain meaning. It contends that the statute contains a single definition of "revenue mile" which is "receipts derived from the transportation of by the taxpayers of persons or property one mile." The Department asserts that this Court added "Pennsylvania" to the numerator to create a new "Pennsylvania revenue mile." It further maintains that this Court erroneously turned the revenue apportionment miles fraction into a "sales fraction" because it apportions receipts and not miles.

Taxpayer counters that the phrase "within this Commonwealth" modifies the immediately preceding words "revenue miles." Further, since a revenue mile is defined as *average receipts* from transporting people or property one mile, the panel correctly concluded that "revenue miles within this Commonwealth" means "average receipts for transporting people or property one mile within this Commonwealth."

This Court's interpretation is consistent with the fundamental principles of apportionment that the numerator should only reflect Pennsylvania activity. This Court applied the definition of "revenue mile" in place of that defined term to determine the plain meaning of the statute. In other words, this Court took the definition of "revenue mile" contained in the second sentence of the statute and substituted that definition for the words "revenue mile" each time the term appeared in the first sentence of the statute. The Court did not re-write the statute. Rather, it gave effect to the statutory definition of "revenue mile" as required by fundamental principles of statutory construction.

The statute clearly requires, first, that Taxpayer figure out what it earned, on average, per mile in Pennsylvania. In this case, Taxpayer earned an average of $2.94 per mile when it transported persons and property within Pennsylvania. To calculate the numerator of the apportionment fraction (which is to reflect income derived from Pennsylvania activity only), that figure must then be multiplied by the actual number of miles Taxpayer transported property and persons in Pennsylvania. That figure yields the average income Taxpayer earned by transporting persons and property in Pennsylvania. So, on the average, Taxpayer earned $2.94 per mile in Pennsylvania and it transported persons and property 28,119,379 miles in Pennsylvania. The product of those two numbers equals "the average receipts derived from the transportation by the taxpayer of persons or property one mile within this Commonwealth", which is unerringly consistent and in lock step with the language of the statute.

The Department's method of multiplying "average receipts *everywhere*" by "Pennsylvania miles" yields an illusory figure which represents nothing in terms of being relevant to what Taxpayer actually earned from its activities in Pennsylvania. It certainly does not represent the average income earned by the taxpayer from its activities in Pennsylvania which, by its clear language, is the object of the apportionment statute's numerator.

On the other hand, multiplying "Pennsylvania miles" by "Pennsylvania average receipts" yields the average income derived from Taxpayer's Pennsylvania activity—which is the precise function of the

numerator in apportionment formulas. The resulting Pennsylvania revenue miles (which, mindfully, is described in terms of *average receipts* ) is divided by Taxpayer's overall revenue miles to arrive at the apportionment fraction.

In fact, the Department neglects to insert Taxpayer's "average receipts per mile for transporting property in Pennsylvania" into the calculation. So, basically, under its interpretation, the income earned by Taxpayer as the result of its activity in Pennsylvania is irrelevant to the apportionment calculation. This is absolutely contrary to the basic function of the numerator in an apportionment fraction which is to derive the average income a taxpayer earns as the result of its activity in Pennsylvania.

Taxpayer, in a compelling example, emphasizes the defect in the Department's interpretation. Under the Department's interpretation "average receipts per mile everywhere" would be included in both the numerator and the denominator. Again, the parties agree that Taxpayer's apportionment *denominator* must be computed by multiplying Taxpayer's *average receipts per mile everywhere* by the total *number of miles that Taxpayer transported property everywhere.* Applying simple mathematical principles, by including the same multiplier ("*average receipts per mile everywhere* ") in both the numerator and the denominator, one simply cancels out the other, an exercise in futility.[2] What remains, under the Department's interpretation, is Pennsylvania miles over everywhere miles. The Department acknowledges that the revenue miles statute includes two central concepts, revenue and miles. The Department's interpretation removes the revenue concept from the for-

mula which clearly ignores the General Assembly's use of the term "average *receipts.*"

$$\frac{\text{Average receipts per Everywhere mile}}{} \times \text{Pa. miles driven}$$

$$\frac{\text{Average receipts per Everywhere mile}}{} \times \text{Miles driven everywhere}$$

The Department nevertheless maintains that Taxpayer's interpretation erroneously transforms the revenue apportionment miles fraction into a "sales fraction" because it apportions receipts and not miles. This argument is specious because, again, "revenue mile" *is* defined in terms of "average receipts." Expressing the numerator in terms of average receipts does not convert the revenue miles apportionment fraction into a "sales fraction" simply because it allocates income. The Department's method essentially reduces the fraction to miles over miles, which was clearly not the intent of General Assembly. Otherwise, the General Assembly would not have specifically defined *revenue mile* in terms of *average receipts.*

The rationale behind apportionment statutes is to ensure that the Commonwealth taxes a fair share of Taxpayer's income. Under the Department's interpretation Taxpayer would pay Pennsylvania taxes on income it earned *outside* the Commonwealth because the Department's interpretation fails to limit the numerator of the fraction to Pennsylvania activity. Instead, it has, by effectively including Taxpayer's "average receipts everywhere" in both the numerator and the denominator, inappropriately apportioned Taxpayer's business income based on the number of "*conventional* miles" it transported persons and property in Pennsylvania instead

---

**2.** Taxpayer directs this Court to Lawrence S. Leff, College Algebra 43 (1995) (under cancellation law of algebra, factors common to both the numerator and denominator of a fraction are eliminated).

of on Taxpayer's *"revenue* miles" as required by the statute.

If the General Assembly intended the revenue miles fraction to be Pennsylvania miles over everywhere miles, it certainly would have crafted the statute that way.

The Department's exceptions are denied. The matter is remanded to the Board to remand to the Department to recalculate Taxpayer's corporate net income taxes and franchise taxes for 1999 and issue Taxpayer's refunds in accordance with this Court's opinion filed on April 17, 2006.

## ORDER

AND NOW, this 27th day of April, 2007, the Exceptions of the Commonwealth of Pennsylvania Department of Revenue are hereby denied. The matter is remanded to the Board to remand to the Department to recalculate Taxpayer's corporate net income taxes and franchise taxes for 1999 and issue Taxpayer's refunds in accordance with this Court's opinion filed on April 17, 2006.

### DISSENTING OPINION BY Judge PELLEGRINI.

The plain language of the Pennsylvania Tax Code (Code)[1] provides that the proportion of a truck company's income and value for corporate taxes should be determined by the company's activity in Pennsylvania. Activity under the Code is plainly based on comparing "revenue miles" in Pennsylvania with "revenue miles" outside of Pennsylvania. Because the majority's apportionment calculation eliminates "revenue miles" as the basis of apportionment to one based on "gross receipts," I respectively dissent.

FedEx Ground Package System, Inc. (Taxpayer) is a truck company that transacts business inside and outside Pennsylvania. To calculate the portion of a company's business income[2] attributable to Pennsylvania for corporate tax purposes, trucking companies use a special, single-factor apportionment fraction set forth in the Apportionment Statute. That statute provides, in pertinent part:

All business income of railroad, truck, bus or airline companies shall be apportioned to this Commonwealth by multiplying the income by a fraction, the numerator of which is the taxpayer's total revenue miles within this Commonwealth during the tax period and the denominator of which is the total revenue miles of the taxpayer everywhere during the tax period. **For purposes of this paragraph revenue miles shall mean the average receipts derived from the transportation by the taxpayer of persons or property one mile.** (Emphasis added.)

The Department of Revenue (Department) audited Taxpayer's corporate tax report for the tax year ended May 31, 1999, and issued an assessment notice. Taxpayer filed petitions for refund of its corporate taxes contending that its tax liability should be recomputed because the Department failed to follow the Apportionment

1. Section 401(3)2.(b)(1) of the Code, Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7401(3)2.(b)(1) (Apportionment Statute).

2. Section 401(3)2.(a)(1)(A) of the Code, 72 P.S. § 7401(3)2.(a)(1)(A), provides:
   "Business income" means income arising from transactions and activity in the regular course of the taxpayer's trade or business and includes income from tangible and intangible property if either the acquisition, the management or the disposition of the property constitutes an integral part of the taxpayer's regular trade or business operations. The term includes all income which is apportionable under the Constitution of the United States.

Statute which requires that average receipts per revenue mile in Pennsylvania and elsewhere be included in the calculation. It contended that in taking the average revenue mile, the apportionment factor should be calculated as follows:

$$\text{Business Income} \times \frac{\begin{array}{l}\text{Avg. receipts per} \quad \times \text{ miles in PA}\\ \text{mile in PA}\end{array}}{\begin{array}{l}\text{Avg. receipts per} \quad \times \text{ miles everywhere}\\ \text{mile everywhere}\end{array}} \times \text{Tax rate} = \text{Tax owed}^{[3]}$$

In this case, the average receipts per mile in Pennsylvania equaled $2.94, and the average receipts per mile everywhere equaled $3.93.[4]

The Department's Board of Appeals denied the petitions and adopted the Commonwealth's position that the apportionment formula is calculated by multiplying a taxpayer's business income everywhere[5] by the average receipts per mile everywhere multiplied by miles in Pennsylvania over the average receipts per mile everywhere multiplied by miles everywhere. The apportionment factor would be calculated as follows:

$$\text{Business Income} \times \frac{\begin{array}{l}\text{Avg. receipts per} \quad \times \text{ miles in PA}\\ \text{mile everywhere}\end{array}}{\begin{array}{l}\text{Avg. receipts per} \quad \times \text{ miles everywhere}\\ \text{mile everywhere}\end{array}} \times \text{Tax rate} = \text{Tax owed}$$

Taxpayer appealed to the Board of Finance and Revenue, which also denied the petitions. Taxpayer then appealed to this Court and adopting the Taxpayer's interpretation, we reversed in *FedEx Ground Package System, Inc. v. Commonwealth,* 898 A.2d 22 (Pa.Cmwlth.2006), stating:

3. Even though the Apportionment Statute by definition deals with the apportionment of business income, apparently it is also used in allocation of the value of a company's capital stock to calculate the Franchise Tax. Section 401(3)2.(a)(3) of the Code, 72 P.S. § 7401(3)2.(a)(3), provides:

For purposes of allocation and apportionment of income under this definition, a taxpayer is taxable in another state if in that state the taxpayer is subject to a net income tax, a franchise tax measured by net income, a franchise tax for the privilege of doing business, or a corporate stock tax or if that state has jurisdiction to subject the taxpayer to a net income tax regardless of whether, in fact, the state does or does not.

4. The calculation for arriving at those figures is as follows:

PA receipts on package pickup ($80,984,001)
+ PA receipts on package delivery ($84,519,768)
_____

Average receipts in PA ($82,751,885)

$$\text{Revenue mile in PA} = \frac{\text{Avg. receipts in PA}}{\text{Miles in PA}} = \frac{\$\ 82{,}751{,}885}{28{,}119{,}379} = \$2.94$$

$$\text{Revenue mile everywhere} = \frac{\text{Avg. receipts everywhere}}{\text{Miles everywhere}} = \frac{\$1{,}846{,}249{,}121}{470{,}035{,}455} = \$3.93$$

5. "Everywhere" means in all states combined.

[T]he numerator must equal the taxpayer's total *"revenue miles within this Commonwealth."* The phrase "within this Commonwealth" modifies "revenue miles," the immediately preceding words in the statute. A "revenue mile" is defined as the *average receipts derived from the transportation* by the taxpayer one mile. If a "revenue mile" is defined as *average receipts,* then "total revenue miles within this Commonwealth," means that *the average receipts derived from the transportation in Pennsylvania* must be multiplied by the total number of miles in Pennsylvania.

*Id.* at 25. (Emphasis in original.) This case is now before us on exceptions filed by the Commonwealth which contend that we erroneously adopted Taxpayer's interpretation of what composes the apportionment fraction in contravention of the Apportionment Statute.

The majority denies the exceptions concluding that the apportionment fraction numerator must be computed by multiplying Taxpayer's average receipts per mile for transporting property in Pennsylvania ($2.94) by the total number of miles that the property was transported in Pennsylvania (28,119,379 miles). I disagree because calculating the Apportionment Stat-

ute as the majority suggests transforms the apportionment factor from one based on "activity" to one based on "gross receipts." [6]

Section 401(3)2.(b)(1) of the Code contains two central concepts: revenue and miles. The statutory definition of a "revenue mile" is ". . . the average receipts derived from the transportation by the taxpayer of persons or property one mile." The statute makes no reference to where the mile from which the receipts were derived may have been in the definition of "revenue mile."

The majority adopts an interpretation which adds "Pennsylvania" to the numerator to create a new "Pennsylvania revenue mile." Under this interpretation, Pennsylvania revenue per mile multiplied by Pennsylvania miles would always produce a numerator of Pennsylvania revenue, and revenue per total mile multiplied by total miles would always produce a denominator of total revenue, which, in effect, transforms the revenue miles apportionment fraction into a sales factor. Applying simple algebraic principles [7] to the majority's interpretation of the apportionment formula—the same multiplier in both the numerator and denominator operates so that the one cancels the other out—the majority's

---

**6.** An apportionment formula must be fair under both the Due Process Clause and the Commerce Clause of the United States Constitution. *Exxon Corporation v. Wisconsin Department of Revenue*, 447 U.S. 207, 100 S.Ct. 2109, 65 L.Ed.2d 66 (1980). In *Container Corporation of America v. Franchise Tax Board*, 463 U.S. 159, 169–70, 103 S.Ct. 2933, 77 L.Ed.2d 545 (1983), the United States Supreme Court provided:

The Constitution does not invalidat[e] an apportionment formula whenever it *may* result in taxation of some income that did not have its source in the taxing State. . . . Nevertheless, we will strike down the application of an apportionment formula if the

taxpayer can prove by clear and cogent evidence that the **income attributed** to the State is in fact out of all appropriate proportions to the **business transacted** in that State, or has led to a grossly distorted result.

(Internal citations and quotations omitted.) (Emphasis in original, bold added.)

**7.** Taxpayer directs this Court to Lawrence S. Leff, College Algebra 43 (1995) (under cancellation law of algebra, factors common to both the numerator and denominator of a fraction are eliminated.) It should have also directed us to the bumper sticker that reads, "4 out of 3 people have trouble with fractions."

apportionment factor would be calculated as follows:

$$\text{Business Income} \times \cfrac{\text{PA Rev Mile} = \cfrac{\text{Avg. receipts in PA}}{\text{Miles in PA}} \times \text{Miles in PA}}{\text{Everywhere Rev Mile} = \cfrac{\text{Avg. receipts everywhere}}{\text{Miles everywhere}} \times \text{Miles everywhere}} \times \text{Tax rate} = \text{Tax owed}$$

Nowhere does the Apportionment Statute provide that average receipts per mile in either the numerator or denominator are to be multiplied by miles, magically transforming the statute into essentially a tax on gross receipts in Pennsylvania.[8] If that were the case, the General Assembly could have simply said that the apportionment fraction should be calculated by dividing the gross receipts in Pennsylvania over the gross receipts everywhere. The net effect is that the majority has rewritten the statute to read:

> All business income of railroad, truck, bus or airline companies shall be apportioned to this Commonwealth by multiplying the income by a fraction, the numerator of which is the taxpayer's total ~~revenue miles~~ *average receipts derived from the transportation by the taxpayer of persons or property one mile* within this Commonwealth during the tax period and the denominator of which is the total ~~revenue miles~~ *average*

$$\text{Business} \times \cfrac{\text{Revenue Miles in PA}}{\text{Revenue Miles everywhere}} \times \text{Tax rate} = \text{Tax owed income}$$

The net effect is that the Commonwealth's apportionment fraction makes the last pertinent sentence of the Apportionment Statute, which reads "for purposes of

*receipts derived from the transportation by the taxpayer of persons or property one mile* ~~of the taxpayer~~ *everywhere* during the tax period. ~~For purposes of this paragraph revenue mile shall mean the average receipts derived from the transportation by the taxpayer of persons or property one mile.~~

Having said all that, I recognize that there is an anomaly in the Commonwealth's interpretation. While the Commonwealth's apportionment fraction contains all the elements mentioned in the statute, the difficulty with it is that it includes average receipts per mile everywhere in both the numerator and denominator, and applying simple algebraic principles, the same multiplier in both the numerator and denominator operates so that the one cancels the other out. The Commonwealth is then left with the following formula:

[the Apportionment Statute] revenue miles shall mean the average receipts derived from the transportation by the taxpayer of persons or property one mile," a non-fac-

---

8. The term "miles" as used in this opinion included only those miles driven that generat- ed revenue.

tor. Unlike Taxpayer's interpretation, though, which requires a wholesale rewriting of the statute, the Commonwealth's interpretation follows the Apportionment Statute's plain language because all the required factors are included in the Commonwealth's apportionment fraction, and the last pertinent sentence of the statute is only made a non-factor as a result of the required algebraic calculation.[9]

Accordingly, because the General Assembly intended the apportionment factor to be based on activity and not on gross receipts, and the Commonwealth's apportionment fraction complies with the language of the Code, I would sustain the exceptions filed by the Commonwealth and affirm the order of the Board of Finance and Revenue.

Judges COHN JUBELIRER and SIMPSON join in this dissenting opinion.

---

**9.** In analyzing a statute, a court must give effect to the plain meaning of the statute whenever the words of the statute are clear and free from ambiguity. *Allebach v. Department of Finance and Revenue*, 546 Pa. 146, 683 A.2d 625 (1996); *see also 1 Pa.C.S. § 1921.* Where the statute in question is a tax statute, it must be strictly construed and any doubts as to the construction should be resolved in favor of the taxpayer. *Id.; see also 1 Pa.C.S. § 1928(b)(3).* Even if a statute is unclear because it does not contain a specific formula, we have to resolve any ambiguity in favor of the taxpayer. *First Union National Bank v. Commonwealth*, 885 A.2d 112 (Pa. Cmwlth.2005). Because the Commonwealth's fraction is in accord with the plain language, we need not determine whether the statute was ambiguous. Even if it was ambiguous, we would not be required to interpret the Apportionment Statute in favor of Taxpayer because this involves a fraction that affects all trucking companies, some who would gain and some who would lose if business income is calculated as suggested by Taxpayer. An interpretation of the statute in this circumstance should not be determined by who gets to court first.